# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

| | |
|---|---|
| **AMERICAN SOUTHERN INSURANCE COMPANY** | **PLAINTIFF** |
| v. | No. 2:09cv87-KS-MTP |
| **JIMMY WILSON** | **DEFENDANT** |

**consolidated with**

| | |
|---|---|
| **MAXUM INDEMNITY COMPANY** | **PLAINTIFF** |
| v. | No. 3:09cv212-TSL-JSC |
| **JIMMY WILSON, ET AL.** | **DEFENDANTS** |

## ORDER CONSOLIDATING CASES

THESE MATTERS are before the court on the Motion to Consolidate Cases filed by Jimmy Wilson [22] in Cause No. 2:09cv87.[1] Having considered the submissions of the parties and the applicable law, the court finds that the Motion [22] should be granted.

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the court may consolidate actions involving common questions of law or fact, especially when doing so will avoid unnecessary costs or delay or will eliminate unnecessary repetition or confusion. *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984); *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761-62 (5th Cir. 1989). "Consolidation does not so completely merge the two cases as to deprive a party of any substantial rights that he may have had if the actions had proceeded separately, for the two suits retain their separate identities and each requires the entry of a separate judgment." *Miller*, 729 F.2d at 1036.

---

[1] Mr. Wilson filed a similar Motion [8] in Cause No. 3:09cv212-TSL-LCS.

Each of these cases was filed by Jimmy Wilson's insurers seeking declaratory relief. Specifically, Plaintiffs in each case claim that there is no insurance coverage for the collapse of a building in New Hebron, Mississippi on December 11, 2008, which Mr. Wilson built or helped to build in 2005. Defendant Jimmy Wilson is represented by the same attorneys in both cases, and the cases involve the same subject matter and many common issues, including whether Wilson is owed coverage or other duties by either Plaintiff insurance company in connection with claims arising out of the collapse of the building.

Consolidation of these cases will serve to reduce the costs and expenses of all parties. Likewise, by eliminating duplicate motions on the same issues and eliminating multiple hearings and trials, consolidation will better utilize judicial time and resources. These cases will proceed more efficiently with one case management order and one round of discovery including all interested parties.

Plaintiff American Southern Insurance Company ("American Southern") opposes the motion, claiming consolidation will only delay resolution of the issues and add confusion to the other action. Further, American Southern claims that the Motion for Summary Judgment [9] filed on July 29, 2009, clearly shows that there is no duty of defense or indemnity with regard to the claims arising out of the collapse. However, consolidation of these matters will not prevent the timely consideration of the motion in the consolidated action.[2]

These two matters were filed within one month of each other, and both cases are in the early stages of litigation. No case management order has been entered in Cause No. 2:09cv87, and a case management order [20] was entered in Cause No. 3:09cv212 just one month ago. Thus, discovery has just begun.

---

[2]As ordered below, American Southern is directed to re-file the Motion [9] in Cause No. 3:09cv212.

2

American Southern has not demonstrated any prejudice which might result if the motion is granted. Accordingly, the motion should be granted.

IT IS, THEREFORE, ORDERED AND ADJUDGED:

1. That the Motion to Consolidate Cases by Jimmy Wilson [22] is GRANTED.

2. These matters are hereby consolidated for all purposes, including trial. All future pleadings and filings shall be filed only in Cause No. 3:09cv212-TSL-LCS.[3]

3. American Southern shall re-file its Motion for Summary Judgment [9] in the appropriate cause number for these consolidated actions, Cause No. 3:09cv212-TSL-LCS. The motion will be terminated in Cause No. 2:09cv87-KS-MTP.

SO ORDERED this 5th day of August, 2009.

s/ Michael T. Parker
United States Magistrate Judge

---

[3]"Consolidation of actions from different divisions of a district court shall be controlled by the earliest filing date." Rule 42.1, Uniform Local Rules of the U.S. Dist. Courts for the Northern and Southern Dist. of Miss.